UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH BARTON,

    Petitioner,

v.

KAREN BRUNSON,

    Respondent.

Case No. C08-5022RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
August 200, 2008**

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Having reviewed the petition and the response the court concludes this petition is time barred and should be **DISMISSED WITH PREJUDICE**.

## BASIS FOR CUSTODY AND PROCEDURAL HISTORY

In 1992, Petitioner pled guilty to second degree murder and mutilation of human remains. On June 18, 1992, the Cowlitz County Superior Court imposed an exceptional sentence of 600 months for the murder and 12 months for the mutilation of remains. The sentences run concurrently (Dkt. # 15, Exhibit 1). The court found the manner in which the remains were displayed was designed to further harm the family of the victim and warranted an exceptional sentence on the

murder conviction. The court did not consider the mutilation as an exceptional factor because it was a separate crime with a separate sentence (Dkt. # 15, Exhibit 1).

Petitioner filed an appeal and the sentence was affirmed on December 14, 1993, by a Washington State Court of Appeals Commissioner (Dkt # 15, Exhibit 4). Petitioner did not seek modification of that order but instead attempted to seek discretionary review in the State Supreme Court. He was informed he could not seek direct review on January 27, 1994 (Dkt # 15, Exhibit 6).

The mandate from the Washington State Court of Appeals issued March 8, 1994, (Dkt. # 15, Exhibit 7). One year later, on March 9, 1995, petitioner filed his first Personal Restraint Petition in the Washington State Court of Appeals (Dkt. # 15, Exhibit 8). On December 5, 1995, the petition was denied (Dkt # 15, Exhibit 10). Petitioner did not seek review from that order and on January 4, 1996, the certificate of finality was entered (Dkt # 15, Exhibit 11).

More than eight years later, on September 4, 2004, petitioner filed a second Personal Restraint Petition (Dkt # 15, Exhibit 12). On December 17, 2004, the Washington State Court of Appeals dismissed this petition as untimely under Washington State Law (Dkt., # 15, Exhibit 15). Petitioner sought discretionary review in the Washington State Supreme Court (Dkt # 15, Exhibit 16). On October 4, 2005, a Supreme Court Commissioner denied review (Dkt # 15, Exhibit 18).

June 6, 2006, petitioner filed a third Personal Restraint Petition in the Washington State Court of Appeals (Dkt. # 15, Exhibit 20). The petition was dismissed as second or successive and as time barred (Dkt # 15, Exhibit 23). Petitioner filed a motion for discretionary review, which was denied January 4, 2007, (Dkt. # 15, Exhibits 24 and 25).

This federal Habeas petition followed. The petition was filed January 11, 2008, (Dkt # 1).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish

REPORT AND RECOMMENDATION
Page - 2

by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a Constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

One Year Statute of Limitations.

A one year statute of limitations was imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's sentence became final prior to the enactment of AEDPA. For purposes of the one year statute of limitations his sentence became final on April 24, 1996 when the law came into effect.

Petitioner had until April 24, 1997, to file a Petition or take some other action that may have stayed the running of the statute. Between January 4, 1996, when the dismissal of his first Personal Restraint Petition became final, and September 4, 2004, petitioner took no action. This petition is more then seven years time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 22, 2008**, as noted in the caption.

Dated this 25 day of July, 2008.

                                      */S/ J. Kelley Arnold*
                                      J. Kelley Arnold
                                      United States Magistrate Judge